## STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**In Re: A.H., S.W., & H.W.**

**No. 13-0308** (Barbour County 12-JA-11, 12-JA-12, & 12-JA-13)

**FILED**

October 1, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

### MEMORANDUM DECISION

Petitioner Father, by counsel Roger D. Curry, appeals the Circuit Court of Barbour County's February 27, 2013 order terminating his parental rights to S.W. and H.W., and also his custodial rights to A.H. The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Lee A. Niezgoda, filed its response in support of the circuit court's order. The guardian ad litem, Karen Hill Johnson, filed a response on behalf of the children supporting the circuit court's order. The DHHR and the guardian also filed a joint supplemental appendix. On appeal, petitioner alleges that the circuit court erred in terminating his parental rights because it relied on an impermissible presumption that he was using illegal drugs and because the evidence was insufficient to support termination.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

In June of 2012, the DHHR filed a petition alleging that petitioner abused his two children, S.W. and H.W., as well as his girlfriend's child, A.H.. Petitioner's girlfriend, A.S., and her daughter both resided with petitioner. The petition alleged that petitioner abused the children by engaging in substance abuse and domestic violence. On June 25, 2012, the circuit court commenced the adjudicatory hearing and took *in camera* testimony from A.H. before ordering the hearing be continued. Thereafter, in July of 2012, the police responded to petitioner's home after his girlfriend called 911 seeking medical assistance because petitioner smoked a synthetic substance and had a seizure. Law enforcement later testified that petitioner struck his girlfriend during this incident, which resulted in criminal charges. Petitioner pled guilty to domestic battery in relation to this incident. During a review hearing regarding this incident in September of 2012, the circuit court ordered petitioner to undergo drug testing at the conclusion of the hearing.

On October 10, 2012, the circuit court reconvened for the continued adjudicatory hearing, during which the circuit court took *in camera* testimony from the remaining children. The mother, B.M., also provided testimony concerning petitioner's past domestic violence toward her, submitting medical records and pictures showing various injuries to her mouth, face, eyes, and

arms to corroborate her testimony. On the GAL's motion, the circuit court left the adjudicatory hearing open so that she could obtain criminal records regarding petitioner's domestic violence against his own father. The circuit court again ordered that petitioner undergo drug testing at the conclusion of the hearing.

On November 8, 2012, the circuit court concluded the adjudicatory hearing and adjudicated petitioner as an abusing parent. Petitioner stood silent and presented no evidence during the entirety of the proceeding below. The circuit court also noted that petitioner failed to submit to drug testing following the prior hearing, and made a finding that "[petitioner] would have tested positive for some type of illegal drugs." Approximately two weeks later, on November 19, 2012, the circuit court held a dispositional hearing. Petitioner failed to attend and told counsel that his car had broken down. Petitioner's counsel requested a continuance, and the circuit court denied the request. The circuit court thereafter terminated petitioner's parental rights to S.W. and H.W. and also any custodial rights to A.H. It is from this order that petitioner appeals.

The Court has previously established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011).

Upon our review, the Court finds no error in the circuit court's termination of petitioner's parental and custodial rights. While petitioner argues that the evidence was insufficient to support termination, the record establishes that the circuit court was presented with ample evidence upon which to terminate petitioner's parental and custodial rights. Specifically, petitioner argues that the evidence of domestic violence was insufficient to support termination because the alleged victim, his girlfriend A.S., testified that he had never committed domestic violence against her. However, the circuit court found A.S.'s testimony to be "incredible, not believable, and not truthful as it flies in the face of other testimony given, and it is completely contrary to the testimony of the police officer."

Additionally, the circuit court was presented with petitioner's own guilty plea to the incident of domestic violence that he now asserts never occurred, as well as evidence from law

enforcement concerning the incident. The circuit court also considered evidence of petitioner's extended history of domestic violence, which included incidents of domestic violence committed against two women, A.S. and B.M., as well as against his own father. Most importantly, the circuit court took *in camera* testimony from the children, all of whom corroborated instances of domestic violence and abuse in the home. We have previously held that ". . . in the context of abuse and neglect proceedings, the circuit court is the entity charged with weighing the credibility of witnesses and rendering findings of fact." *In re Emily*, 208 W.Va. 325, 339, 540 S.E.2d 542, 556 (2000) (citing Syl. Pt. 1, in part, *In re Travis W.*, 206 W.Va. 478, 525 S.E.2d 66 (1999)). Based upon our review, it is clear that the circuit court was presented with overwhelming evidence upon which to base its finding that A.S.'s testimony as to petitioner never having inflicted domestic violence upon her was not credible.

Further, the record is clear that petitioner failed to admit to the underlying issues of abuse and neglect that gave rise to the petition and failed to participate in the proceedings below in such a way as to attempt to achieve reunification with his children. Petitioner stood silent during the proceedings below, never offering any testimony or attempt to refute the DHHR's evidence. Further, petitioner defied the circuit court's order to submit to drug testing. More importantly, the circuit court found that petitioner's failure to admit to the issues of abuse and neglect even corrupted A.S.'s testimony, finding that "[A.S.] is totally under the control of [petitioner]," and that, in her testimony denying domestic violence, she was "covering for [petitioner] and she has chosen [petitioner] over her child."

We have previously held that "in order to remedy the abuse and/or neglect problem, the problem must first be acknowledged. Failure to acknowledge the existence of the problem, i.e., the truth of the basic allegation pertaining to the alleged abuse and neglect . . . , results in making the problem untreatable . . . ." *In re Kaitlyn P.*, 225 W.Va. 123, 126, 690 S.E.2d 131, 134 (2010) (quoting *W.Va. Dep't of Health and Human Res. v. Doris S.*, 197 W.Va. 489, 498, 475 S.E.2d 865, 874 (1996)). Because petitioner failed to admit the truth of the basic allegations of abuse and neglect, the problem was therefore untreatable and the circuit court did not err in proceeding to termination. Based upon the evidence above, it is clear that petitioner failed to respond to or follow through with a reasonable family case plan or other rehabilitative efforts designed to reduce or prevent the abuse or neglect of the children. Pursuant to West Virginia Code 49-6-5(b)(3), this constitutes a situation in which there is no reasonable likelihood that the conditions of abuse or neglect can be substantially corrected in the near future. For this reason, and because the circuit court found that termination was in the children's best interest, the circuit court was correct to terminate petitioner's parental and custodial rights to the children as directed by West Virginia Code § 49-6-5(a)(6).

Finally, the Court declines to address petitioner's assignment of error alleging that the circuit court erred in making a presumption of drug use because of his refusal to submit to drug testing. The Court notes that the evidence above was sufficient to support termination absent the circuit court's finding in regard to this presumption. Further, the record is clear that the circuit court placed little emphasis on this presumption in reaching termination. However, it is important to note that petitioner's refusal to submit to drug testing only further supports the evidence that

petitioner was unwilling to respond to or follow through with rehabilitative efforts designed to reduce or prevent the abuse of the children at issue.

For the foregoing reasons, we find no error in the decision of the circuit court and its February 27, 2013 order is hereby affirmed.

Affirmed.

**ISSUED**: October 1, 2013

**CONCURRED IN BY**:

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II